In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00303-CV


____________________



IN RE COMMITMENT OF RICARDO DIAZ






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 07-09-08955 CV






 MEMORANDUM OPINION


 The State filed a petition seeking an involuntary civil commitment of Ricardo Diaz 
as a sexually violent predator. See Tex. Health & Safety Code Ann. §§ 841.001-.150
(Vernon 2003 & Supp. 2008) ("Texas Sexually Violent Predator Act"). The jury found that
Diaz was a sexually violent predator ("SVP"), and Diaz appeals from the trial court's final
judgment and order of civil commitment. See Tex. Health & Safety Code Ann. § 841.003
(Vernon 2003). In three appellate issues, Diaz contends: 1) the evidence is legally
insufficient to support the jury's verdict, 2) the trial court erred in admitting testimony from
one of Diaz's victims, and 3) the trial court abused its discretion in admitting cumulative
testimony about Diaz's past offenses. We affirm the trial court's judgment.

 The SVP statute defines "sexually violent predator" as a person who "(1) is a repeat
sexually violent offender; and (2) suffers from a behavioral abnormality that makes the
person likely to engage in a predatory act of sexual violence." Id. § 841.003(a) (Vernon 
2003). (1) As to the first requirement, Diaz admitted that he had been convicted of four
predicate offenses: rape of a child, sexual abuse, and two sexual assault offenses. As to the
second, the State offered expert witness testimony to prove its elements. 

Legal sufficiency


 In issue one, Diaz argues the evidence is legally insufficient because the testimony of
the State's expert witnesses, Dr. Jason Dunham and Dr. Rahn Bailey, is speculative and
conclusory, and because it lacks the probative force required to support the verdict. Diaz
does not contend that he made these objections at trial. Instead, 
Diaz notes correctly that he
may raise the legal insufficiency of conclusory or speculative expert testimony for the first
time on appeal. See Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp., 136 S.W.3d
227, 232 (Tex. 2004)
. 

 As the Texas Supreme Court recently explained, "conclusory opinions are legally
insufficient evidence to support a judgment even if the party did not object to the admission
of the testimony." City of San Antonio v. Pollock, 284 S.W.3d 809, 816 (Tex. 2009) (citing
Coastal Transp. Co.,136 S.W.3d at 232). If there is no reliable basis offered for the expert's
opinion, the opinion is considered conclusory and is not probative evidence. Id. at 816-17. 
If the opinion has a supporting basis, but there is a reliability challenge that requires the court
to evaluate the underlying methodology, technique, or foundational data, then an objection
"must be timely made so that the trial court has the opportunity to conduct this analysis." Id.
at 817 (citing Coastal Transp. Co., 136 S.W.3d at 233).

 Much of Diaz's argument in issue one challenges the respective methodologies of the
State's experts, but those objections were not made during trial. Therefore, complaints that
the experts' respective opinions are not sufficiently reliable were not properly preserved. See
id. In considering Diaz's legal sufficiency challenge, therefore, we review the record,
including the experts' methodologies, to determine if it contains any evidence of probative
value to show that the State met its burden of proof. 

 Chapter 841 requires the State to prove beyond a reasonable doubt that a person is a
sexually violent predator. See Tex. Health & Safety Code Ann. § 841.062(a) (Vernon
2003). Consequently, although this is a civil case, we review legal sufficiency issues on
appeal by the criminal standard of review. In re Commitment of Mullens, 92 S.W.3d 881,
885 (Tex. App.-Beaumont 2002, pet. denied) (citing Jackson v. Virginia, 443 U.S. 307, 319,
99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We review the evidence to decide if a rational jury
could have found beyond a reasonable doubt that Diaz suffers from a behavioral abnormality
that makes him likely to engage in a predatory act of sexual violence. See id. at 887.

 Each of the State's experts explained the methodology he used to determine whether
Diaz suffers from a behavioral abnormality that makes him likely to engage in a predatory
act of sexual violence. Both examined historical records and an evaluation packet prepared
by the sex offender treatment program. Both examined historical records regarding Diaz's
offenses, and reviewed Diaz's prison disciplinary history as well as his school, medical, and
treatment records. Both also used risk assessment instruments and actuarial tests. In
addition, each of the State's experts interviewed Diaz.

 Dr. Dunham, a forensic psychologist, performed two actuarial tests on Diaz, the
"Static 99," which measures the rate of reconviction for a sexual offense, and the "Minnesota
Sex Offenders Screening Tool, Revised"(MnSOST-R), which measures the rate of rearrest
for "hands-on" sexual offenses. Dr. Dunham scored Diaz with a "5" on the Static 99, which
places Diaz in the "moderate high risk" category. On the MnSOST-R, Dr. Dunham scored
Diaz with a "plus 11," which places him at a high risk for being rearrested. Dr. Dunham
diagnosed Diaz as having "Paraphilia not Otherwise Specified, (Nonconsent)." Dr. Dunham
explained that paraphilia is a sexual disorder, which is defined as having recurrent or
persisting sexual urges, fantasies, and behaviors against children or nonconsenting adults. 
Overall, Dr. Dunham placed Diaz at a high risk of reoffending and testified that Diaz had a
behavioral abnormality that makes him likely to engage in sexual violence.

 Dr. Bailey, a psychiatrist who is board certified in forensic medicine, diagnosed Diaz
with paraphilia, not otherwise specified. He identified several risk factors for Diaz's
reoffending: 1) more than one offense, 2) presence of violence in the offenses, 3) use of
alcohol, and 4) violation of parole. Dr. Bailey scored Diaz with a 4 on the Static 99, which
according to Dr.Bailey, put Diaz at a high risk level. Dr. Bailey concluded that Diaz has a
behavioral abnormality that makes him likely to engage in predatory acts of sexual violence.

 Diaz also called an expert witness, Dr. Anna Shursen, during the trial. Dr. Shursen,
a licensed professional counselor and licensed sex offender treatment provider, used the same
basic information and assessment instruments used by the State's experts in her evaluation.
She scored Diaz with a 4 on the Static 99, which she said was a "moderate to high" category. 
Dr. Shursen also conducted a MnSOST-R and scored Diaz with a 2 on that actuarial. Dr.
Shursen concluded that Diaz did not have a behavioral abnormality making him likely to
engage in future predatory acts of sexual violence.

 All of the experts reviewed Diaz's records, interviewed him, and scored him on
assessment tests. Diaz's expert used the same types of tests as the State's witnesses. Thus,
all of the experts had support for their respective opinions, even though their opinions
differed. We conclude that the record does not demonstrate that the expert testimony
supporting the verdict is without any probative value. Because the record contains legally
sufficient evidence, we conclude that a rational jury could have found beyond a reasonable
doubt that Diaz suffers from a behavioral abnormality that predisposes him to commit a
predatory act of sexual violence. We overrule issue one. 

Victim's Testimony


 Issue two contends the trial court erred in permitting "victim impact" testimony from
Diaz's second victim because the statute does not authorize such testimony and the testimony
is not relevant in this case. Prior to the victim's testimony about the details of the offense,
Diaz's counsel objected that the testimony would be cumulative, prejudicial, and without
probative value. Diaz did not object on the grounds that he now raises on appeal, i.e., that
the admission of "victim impact" testimony was error. Accordingly, we overrule issue two
because it is not preserved for appellate review. See Tex. R. App. P. 33.1(a). 

Cumulative Testimony


 Issue three maintains the trial court abused its discretion in admitting needlessly
cumulative and repetitive testimony regarding Diaz's past offenses. Diaz contends that even
if victim testimony is recognized as relevant in SVP commitment proceedings, such
testimony should be excluded because its probative value is outweighed by the danger of
presenting cumulative evidence. Diaz argues that there was no need for this testimony
because he admitted what happened.

 The State argues that the second victim's testimony was properly admitted to impeach
or rebut Diaz's testimony about the second offense. We agree. At trial, Diaz contended that
his sexual activities with the second victim were consensual. The second victim, however,
testified that Diaz raped her, that he forced her to have oral and vaginal sex with him, and
that no part of the activities were consensual.

 Cumulative evidence is "[a]dditional evidence that supports a fact established by the
existing evidence[.]" BLACK'S LAW DICTIONARY 596 (8th ed. 2004). In this case, the
witness's testimony regarding whether the activities were consensual conflicts with Diaz's
testimony; thus, the witness's testimony constitutes impeachment or rebuttal, and is not
cumulative. See id. at 597, 599. We overrule issue three and affirm the trial court's
judgment.

 AFFIRMED. 

 __________________________________

 HOLLIS HORTON

 Justice


Submitted on April 3, 2009

Opinion Delivered August 31, 2009

Before McKeithen, C.J., Gaultney and Horton, JJ.

1. The Act defines "behavioral abnormality" as "a congenital or acquired condition that,
by affecting a person's emotional or volitional capacity, predisposes the person to commit a
sexually violent offense, to the extent that the person becomes a menace to the health and
safety of another person." Id. § 841.002(2) (Vernon Supp. 2008).